UNITED STATES of America

v.

TIN YAT CHIN, Defendant.

No. 01–CR–1407 (NG).

United States District Court,
E.D. New York.

Jan. 22, 2003.

Margo K. Brodle, Patricia Pileggi—Brooklyn, Lara Treinis, NY, for plaintiff.

Lloyd Epstein, New York City, for defendant.

### ORDER

GERSHON, District Judge.

Defendant proffers four documents, marked for identification as Exhibits F, H, J and L, as his customer receipts of credit transactions, in order to establish his presence in particular stores located in the United States on particular dates in July 1999, to counter the government's proof that, during that time period, he was in China committing acts in furtherance of the crimes charged in the indictment.

Copies of Exhibits F, H, J and L are attached as Attachments 1, 2, 3 and 4 of this Order. (Exhibit F also contains a P.C. Richard & Son sales slip).

In support of the admissibility of these documents, defendant proffers certain other documents and also proffers testimony. It is undisputed that neither P.C. Richard & Son nor Key Food has in its possession at the present time the store copies of the transaction receipts for the transactions at issue. Defendant proffers, as to P.C. Richard & Son, the store's sales slip for a transaction in the amount handwritten on the receipt (Exhibit F), and he also proffers billing statements from the P.C. Richard & Son charge account. As to the Key Food transactions, defendant proffers billing statements from various credit card companies which reflect the Key Food transactions which defendant claims are represented by the receipts. It is not disputed, that on all of the accounts, both the defendant and his wife were authorized to make purchases. Defendant also proffers that employees of the two stores will be able to testify as to their general practices concerning credit transactions including that customer copy duplicates are made by impression. In addition, defendant proposes to offer the testimony of store personnel that the receipts have the likely appearance of receipts that the stores generated. Finally, defendant has proffered the testimony of his wife that she produced the receipts in Exhibits F, H, J and L in response to a government subpoena, that she found the documents in their home in a box in which she and her husband keep receipts and that she herself did not make the purchases. Counsel in his oral proffer advised the court that defendant's wife was not present at the time that defendant allegedly made the purchases, had no knowledge as to when the documents had been put into the box and

had no knowledge as to defendant's having signed the receipts.

■ The proffer fails for lack of sufficient evidence to present to the jury that the alleged customer receipts in Exhibits F, H, J and L meet the standard for authenticity in Federal Rule of Evidence 901. That is, taking the evidence proffered in support of admissibility as true, defendant fails to present a "rational basis" for the jury to find that they are what the defendant claims. *U.S. v. Almonte,* 956 F.2d 27, 30 (2d Cir.1992). There are myriad ways in which authenticity, sufficient to go to the jury, can be established. Circumstantial evidence is acceptable, and Federal Rule of Evidence 901(a) provides that "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances" can support authenticity. Nonetheless, based upon my detailed review of the proffers made by defendant, I am persuaded that what defendant is offering is not a sufficient basis for admission, but rather invites the jury to find authenticity essentially based upon speculation. Indeed, as will be seen, the internal contents of Exhibit F affirmatively establishes its unreliability.

Defendant's proffer fails to provide a rational basis for concluding that the receipts are in fact the customer copies of records of purchases made on particular dates at particular stores by defendant. Although defendant proffers a handwriting expert, defendant's signature on the receipts is relevant only if there is a basis for concluding that the signature was affixed to the store copies of the receipts on the dates and at the places claimed. According to defendant's proffer, the store personnel have no knowledge of whether defendant signed the documents in the stores on the dates he claims. In sum, defendant offers no evidence by any witness or any

document that can establish that the Exhibits he is proffering were generated at the time he says they were and, most importantly, that his signature was placed on them at the time and place he proffers. All he proffers is that they were found by his wife in a box in their home and that they look like the type of documents that could have been customer receipts.

Defendant has offered four grounds for the admissibility of the documents in question: First, as business records pursuant to Rule 803(6) of the Federal Rules of Evidence. Second, as non-hearsay evidence that someone purporting to be defendant signed the original transaction records in specific stores at specific times, to be accompanied by a handwriting expert's testimony that the signatures are that of defendant. Third, under the residual hearsay exception of Rule 807 of the Federal Rules of Evidence. And finally, as copies under Rule 1003 of the Federal Rules of Evidence. None of these bases contain any grounds for dispensing with the preliminary requirement that defendant authenticate the documents he wishes to present to the jury, and therefore, cannot serve as independent grounds for the admission of the receipts.

■■■ Accepting defendant's proffer as true in its entirety, defendant has offered no basis for the admission of what he wants to argue to the jury are his copies of store receipts as the business records of either himself or another. Papers kept by an individual solely for personal reasons do not qualify as business records for the purposes of Rule 803(6) of the Federal Rules of Evidence. The cases relied upon by defendant, *Phoenix Assoc. v. Stone*, 60 F.3d 95 (2d Cir.1995), and *Raphaely International, Inc. v. Waterman S.S. Corp.*, 972 F.2d 498 (2d Cir.1992), both of which held that records in the custody of another business are admissible as business records, are not to the contrary. They stand for the proposition that the custodian of business records need not be identical to the business that created the records. They do not support the admission of copies of records kept by an individual for purely personal purposes. To find otherwise would undermine the rationale behind the business records rule, which specifically provides that its provisions are inapplicable where "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Fed.R.Evid. 803(6). *See also Raphaely International*, 972 F.2d at 503 (trustworthiness is "the most important precondition to admissibility under FRE 803(6)"); *Saks International, Inc. v. M/V "Export Champion,"* 817 F.2d 1011, 1013 (2d Cir. 1987) ("the principal precondition to admission ... pursuant to Fed.R.Evid. 803(6) is that the records have sufficient indicia of trustworthiness to be considered reliable"). Similarly, defendant's reliance on *US v. Reyes*, 157 F.3d 949 (2d Cir.1998), is misplaced because there was no question in *Reyes* as to the authenticity of the prison log book, that is, that it was in fact generated and kept by the prison.

These same preliminary questions regarding authenticity preclude the admission of the receipts in question as non-hearsay under the two-step process outlined in *U.S. v. Lieberman*, 637 F.2d 95, 101 (2d Cir.1980). *See U.S. v. Garcia–Duarte*, 718 F.2d 42, 46 (2d Cir.1983) (finding inadmissible for non-hearsay purposes a drug-dealer's customer book lacking the "underlying, undisputed authenticity of the hotel registration card in *Lieberman* ").

■■■ The receipts also are inadmissible under the residual hearsay exception contained in Rule 807. The residual exception requires a specific finding that the proposed evidence possess "equivalent circumstantial guarantees of trustworthiness" to

a recognized hearsay exception. Since I do not find that "sufficient guarantees of trustworthiness" exist in relation to the receipts' authenticity, the residual exception is inapplicable.

Indeed, there is evidence intrinsic to Exhibit F which affirmatively establishes its unreliability. In oral proffer made in court on January 15, 2003, one of the attorneys for defendant stated that Exhibit F contained the P.C. Richard & Son sales slip and credit card receipt and that the last four digits of the credit card, the amount of the purchase, "and the dates agree," reciting the date of July 7, 1999. In fact, the evidence contradicts this proffer. The receipt does contain, in handwriting, the amount of the transaction, $108.22, which corresponds to the sales slip amount, and there is an apparent P.C. Richard & Son charge card imprint on the receipt. But there are two major discrepancies. First, the sales slip, which contains no signature, bears a printed date of transaction of July 7, 1999. However, there is no date of transaction of any kind listed on the proffered charge card receipt bearing defendant's signature. Most significantly, the expiration date of the charge card imprinted on the P.C. Richard & Son sales slip is "11/99," but the expiration date handwritten on the charge card receipt bearing defendant's signature is "9/00." This undermines any claim that the document which defendant seeks to offer is indeed what defendant claims. On the contrary, its unreliability is patent. In *U.S. v. Maldonado–Rivera*, 922 F.2d 934 (2d Cir.1990), upon which defendant relies, the internal evidence, and other evidence supported its proponent's contention that the document proffered was in fact a communique of the conspirators; here, in contrast, comparison of the proffered document to the sales slip said to corroborate its authenticity, points to its unreliability.

Finally, Rule 1003, which deals with the admissibility of duplicates, provides no basis for admitting the Exhibits proffered. Rule 1003 provides that "[a] duplicate is admissible to the same extent as an original unless (1) a genuine issue is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Here, as just shown, defendant has been unable to show that the Exhibits ARE duplicates of any store record. Defendant is attempting to offer what he claims is an "original" customer receipt as a "duplicate" of a store record, but there is simply no rational basis for concluding that it is.

For the reasons stated, the objection to the admissibility of Exhibits F, H, J and L is sustained and they will not be received into evidence.

**SO ORDERED,**

## P.C. Richard & Son
### The Appliance * Electronics * Computer Giant

```
Store # 17
Francis Lewis Blvd.                        07/07/99
NY, NY                                     17:57:39
1786                      POS#:       17- 023877-1
THANK YOU          Sales Counselor:
OUR LOYAL CUSTOMER 1786  Kazim
FOR YOUR BUSINESS
                   Description         Ext. Price
                   G.E. TV               99.97
                   TV COLOR REM 13"
                   1 YR PARTS, and 2 YRS PIC TUBE WAR

                   TOTAL TAXABLE         99.97
                   TAX @ 8.250 %          8.25
                                       ----------
                   GUARANTEED PRICE     108.22

                   TODAY'S TAKEN MDSE    108.22

                   PCR CARD             108.22

    023877-        BALANCE DUE              .00
```

```
           Credit Card Information
    Account#      Expires  Approval   Transaction $
      0022        11/99    007323       108.22
  No Interest If Paid-In-Full Within 90 Days.
       Minimum Monthly Payment Required.
```

```
SUBJECT TO THE FOLLOWING:
On all sales unless you have purchased a
P.C. Richard & Son Extended Service Protection Plan,
merchandise is covered by Manufacturer's Warranty only.
30 Day Merchandise Return/Refund Policy
Must be in new condition, in original carton
with all packing, accessories and manuals
ref # Consumer Affairs Electronics Store# 899790
      Consumer Affairs Service Dealer# 899880
```

### The Company You Can Trust
## "RICHARD IS RELIABLE"
Est. 1909

642810

MERCHANT IDENTIFICATION          9/50
ACCOUNT NO.                    EXP. DATE

CARD TYPE  SEQ NO.         AUTHO. NO.
                    007323
TRAN. DATE  REF. NO.       AMOUNT

| QUAN. | DESCRIPTION | AMOUNT |
|-------|-------------|--------|
|       |             |        |
|       |             |        |
|       |             |        |
|       |             |        |
|       | SUBTOTAL    |        |
|       | TAX         |        |
|       | TOTAL       |        |

IMPORTANT: RETAIN THIS COPY FOR YOUR RECORDS.

THESE TWO AMOUNTS MUST MATCH

Cardholder acknowledges receipt of goods and/or ser-
vices in the amount of the TOTAL shown hereon and
agrees to perform the obligations set forth in the
Cardholder's Agreement with the Issuer.

SALE CONFIRMED AND DRAFT ACCEPTED
X
CARDHOLDER'S SIGNATURE

CARDHOLDER'S COPY

Attachment 1 to Order of January 22, 2003

DEFENDANT'S EXHIBIT

```
KEN FOOD
59-11 MAIN STREET
FLUSHING, NY 11355
718-761-5608

TERMINAL -1-

MERCHANT 4891 923189064263 001
JULY 08, 1999  03:07PM

BATCH # :    189901      REF # :  007
ACCT # :    4417121513191338
TYPE   :    VISA              12.01
AUTH # :    908449
XX INFO :   E 009109s921a2113TLr+00

SALE              $    15.24
```

TIN Y CHIN
1998
12/01 V
4441 1213 1111 1444

DEFENDANT'S EXHIBIT

*Attachment 2 to Order of January 22, 2003*

**DEFENDANT'S EXHIBIT**

```
             KEY FOOD
        37-11 MAIN STREET
        FLUSHING, NY 11355
           718-461-5180

           TERMINAL -1-

     MERCHANT 4251 923189004203 001
        JULY 13, 1999  07:13PM

  BATCH #  :   191001      REF # : 314
  ACCT #   :   4254519001054408
  TYPE     :   VISA              03/03
  AUTH #   :   010251
  PS INFO  :   E 5991918579462237PH460

  SALE            $     23.98

  I AGREE TO PAY ABOVE TOTAL AMOUNT
  ACCORDING TO CARD ISSUER AGREEMENT

         [signature]
  _____
         SIGNATURE
```

4254 5180 0105 4408
04/99   03/03  V
TINY CHIN

*Attachment 3 to Order of January 22, 2003*

```
            KEY FOOD
        59-11 MAIN STREET
        FLUSHING, NY 11355
           718-961-5660

           TERMINAL -5-

    MERCHANT 4001 9LL139004203 005
        JULY 26, 1999  03:42PM

BATCH # :    Z97001      REF # :  585
ACCT # :   5491500662960423
         :   MASTERCARD          10/59
AUTH # :     926539
         :  4 PLS VGRP48725   5411
```

DEFENDANT'S
EXHIBIT

*Attachment 4 to Order of January 22, 2003*