D & N PROPERTY MANAGEMENT & DEVELOPMENT CORP., INC., d/b/a D & N Managment Corp., Inc. Plaintiff–Appellant,

v.

THE COPELAND COMPANIES, Defendant–Appellee.

Docket No. 02–7385.

United States Court of Appeals, Second Circuit.

Jan. 28, 2003.

Frank P. Allegretti, Rye, NY, for Plaintiff–Appellant.

Kevin J. McKenna, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, New York, NY, Douglas E. Arone, Gibbons, Del Deo, Dolan, Griffinger & Vecchione, New York, N.Y. (on the brief), for Defendant–Appellee.

Present: NEWMAN, KATZMANN,* Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiffs appeal a judgment, entered by the district court after a bench trial, finding for defendant-appellee on all counts. For the reasons that follow, we affirm the decision of the district court.

* Due to the recusal of Judge Reena Raggi, this matter is being decided pursuant to Second Circuit Local Rule § 0.14(2) by the two re-maining members of the panel, who are in agreement.

## Background

Plaintiff-appellant D&N Management Corp. ("D&N") appeals from the judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*), entered after a bench trial finding for defendant-appellee The Copeland Companies ("Copeland") on all of plaintiff's claims. D&N brought this action alleging breach of contract in connection with the employment of one of its principals, Nicholas J. Mattera,[1] as a consultant for Copeland in 1997 and 1998. At issue are three letters from Mattera to Copeland employee Winthrop Cody, and allegedly counter-signed by Cody, which D&N alleges create a contract to continue Mattera's employment for at least twelve months beyond the date of execution.[2] At the trial, Copeland presented evidence disputing the validity of Cody's signatures. In its findings of fact and conclusions of law, the district court found that the signatures on the letters were not genuine, and that no contract existed. Accordingly, the court entered judgment for the defendants. This appeal followed.

## Analysis

"In reviewing a district court's decision in a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. Mixed questions of law and fact are likewise reviewed *de novo.*" *White v. White Rose Food,* 237 F.3d 174, 178 (2d Cir.2001) (citations omitted).

■ D&N argues that the district court's finding that the signatures on the May 29 letter and the June 24 letter were forged or otherwise fraudulent is clearly

erroneous because Copeland was required to present expert witness testimony establishing the forgery, and failed to do so. This argument is without merit. On the contrary, the burden is placed on the proponent of the evidence to authenticate the evidence it seeks to have admitted, *see* Fed.R.Evid. 901; *United States v. Almonte,* 956 F.2d 27, 29–30 (2d Cir.1992) (per curiam), and to establish its credibility with the trier of fact. The district court denied Copeland's motion *in limine* to exclude the letters altogether, but clearly found them non-credible in the bench trial. We have reviewed the record, and conclude that there is more than enough evidence to support the district court's finding.

■ There is also ample evidence in the record to support the district court's conclusion that no contract was formed. The parties spend some time arguing over what standard of review applies to this question: Copeland asserts that the issue of whether there is a meeting of the minds is a factual question subject to clear error review, while D&N counters that the existence of a contract is a question of law, reviewed *de novo*. As this Court has said, "[u]nder traditional principles of contract law, questions as to what the parties said, what they intended ... are questions of fact; ... whether or not there was a contract, in light of the factual findings ... is an issue of law." *Ronan Assoc. v. Local 94–94A–94B, Int'l Union of Oper. Engineers, AFL–CIO,* 24 F.3d 447, 449 (2d Cir.1994). We have reviewed D&N's arguments and find the district court's decision factually supported and legally correct.

■ Finally, Copeland moves for sanctions pursuant to Fed. R.App. P. 38, ar-

---

1. Mattera is an officer, director, and 50% shareholder of D & N. D & N is a closely-held Florida corporation that offers consulting services to businesses in connection with 401(k) plans.

2. The letters are dated May 29, 1998; June 10, 1998; and June 24, 1998.

guing that D & N's appeal is patently frivolous. That motion is denied. In this circuit, "the applicable standard for imposition of Rule 38 sanctions ... is slightly unclear," *In re 60 East 80th Street Equities, Inc.,* 218 F.3d 109, 119 (2d Cir.2000), as to whether bad faith must be shown. We do not believe that the threshold been crossed here, however, on any understanding of the requirements. D & N's decision to appeal, while perhaps quixotic, is not so clearly a waste of judicial resources as to warrant sanctions.

For the reasons set forth above, the judgment of the district court is **AFFIRMED.**