**Robin T. RODRIGUEZ, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Respondent–Appellee.**

No. 04–0468.

United States Court of Appeals, Second Circuit.

Feb. 7, 2005.

Georgia J. Hinde, New York, New York, for Appellant.

Leonard Joblove, Assistant District Attorney (Camille O'Hara Gillespie and Solomon Neubort, Assistant District Attorneys, on the brief), for Charles J. Hynes, District Attorney, Kings County, Brooklyn, New York, for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable RICHARD C. WESLEY, Circuit Judges, and Honorable CHRISTOPHER F. DRONEY, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on January 5, 2004, denying petitioner-appellant's petition for a writ of habeas corpus under 28 U.S.C. § 2254, is hereby AFFIRMED.

Petitioner-appellant Robin T. Rodriguez, who is presently incarcerated on a 1990 New York State conviction for second-degree murder, first-degree robbery, and second-and third-degree weapon possession, appeals from the district court's denial of his § 2254 petition for a writ of habeas corpus. We assume the parties' familiarity with the facts and the record of proceedings in both the federal and the state courts.

Rodriguez submits that the district court erred in failing to recognize the state courts' unreasonable application of clearly established federal law determined by the Supreme Court regarding an accused's right to present a defense, see Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986); see also Taylor v. Illinois, 484 U.S. 400, 408, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988); Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct.

1038, 35 L.Ed.2d 297 (1973), by precluding him from offering into evidence an affidavit of Kevin Bryan that was against Bryan's penal interest. At oral argument, Rodriguez further suggested that the district court failed to recognize that the state court decision was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. We review a denial of habeas corpus relief de novo, see Gutierrez v. McGinnis, 389 F.3d 300, 302 (2d Cir.2004), and conclude that petitioner's claims are uniformly without merit.

Although the Constitution plainly requires that a criminal defendant be afforded "a meaningful opportunity to present a complete defense," see Crane v. Kentucky, 476 U.S. at 690, the right is not unlimited. Specifically, a defendant "does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois, 484 U.S. at 410; accord United States v. Almonte, 956 F.2d 27, 30 (2d Cir.1992). Standard rules of evidence have long prohibited parties from offering hearsay statements, which, precisely because they are made out of court, do not afford the jury the opportunity to assess a declarant's credibility by reference to his demeanor, and do not afford an adversary the opportunity to employ cross-examination to test the truth of the declaration. See Chambers v. Mississippi, 410 U.S. at 298. To overcome this prohibition, Rodriguez points to Rock v. Arkansas, 483 U.S. 44, 55–56, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), which held that restrictions on a defendant's right to testify "may not be arbitrary or disproportionate to the purposes they are designed to serve." See

---

1. The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

*also Michigan v. Lucas,* 500 U.S. 145, 151, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991) ("Restrictions on a criminal defendant's rights to confront adverse witnesses and to present evidence 'may not be arbitrary or disproportionate to the purposes they are designed to serve.' ") (quoting *Rock v. Arkansas,* 483 U.S. at 56).

The possible tension between the general inadmissibility of hearsay and the defendant's right to present evidence is avoided in most cases by various exceptions to the hearsay rule that allow parties to offer out-of-court statements bearing some indicia of reliability. For example, New York recognizes an exception for hearsay statements that are against a declarant's penal interest, provided a proponent satisfies four criteria. *See People v. Settles,* 46 N.Y.2d 154, 167, 412 N.Y.S.2d 874, 882, 385 N.E.2d 612 (1978) (requiring (1) declarant's unavailability, (2) declarant's awareness at the time he made statement that "it was adverse to his penal interest," (3) declarant's competent knowledge of the facts underlying his statement, "and most important," (4) "supporting circumstances independent of the statement itself ... to attest to its trustworthiness and reliability"). Rodriguez concedes that the *Settles* criteria are neither arbitrary nor disproportionate to the state's legitimate interest in excluding unreliable hearsay from jury consideration. Nevertheless, he submits that he is entitled to habeas relief because the state courts (at both the trial and appellate levels) erred in concluding that he failed to satisfy these criteria, resulting in an arbitrary and disproportionate exclusion of the evidence.

In making this argument, Rodriguez confronts a heavy burden. Trial judges are afforded considerable discretion in assessing the reliability of hearsay statements offered under a penal-interest exception, *see, e.g., United States v. Jackson,* 335 F.3d 170, 179 (2d Cir.2003), *United States v. Harwood,* 998 F.2d 91, 98 (2d Cir.1993); *People v. Shortridge,* 65 N.Y.2d 309, 315, 491 N.Y.S.2d 298, 302, 480 N.E.2d 1080 (1985), and deference to their judgment is particularly appropriate on federal habeas review, *see Estelle v. McGuire,* 502 U.S. 62, 71–73, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (recognizing that a state court's erroneous application of *state* evidentiary law rarely rises to the level of a federal constitutional violation); *see also* 28 U.S.C. § 2254(d). We have reviewed the record, and we conclude that there was no abuse of discretion and, therefore, no possible constitutional violation, in this case.

In the proffered affidavit, Kevin Bryan stated that he gave two prosecution witnesses $150 "and told them to tell the detectives of the 70th Precinct that Robin Rodriguez was one of the people that participated in the incident that involved a murder." Trial Tr. at 1596–97. He stated that he had done this because "at the time I thought that Robin Rodriguez was the one that had robbed my house, and this was the best way of getting back at him for robbing my house." *Id.* at 1597. Later, when he "found out that Robin was not the one who robbed my house," Bryan decided that he could not "sit by and let this innocent man go to jail for something he did not do." *Id.*

The state court concluded that the affidavit was insufficient to establish Bryan's contemporaneous understanding that the statement contained therein was against his penal interest because the statement could be construed to mean that Bryan paid the witnesses to ensure that they told the police the truth about what they knew of Rodriguez's involvement in the robbery and murder, rather than that he paid them to lie. Rodriguez submits that this construction of the statement is strained.

The issue before us is not whether we agree with the trial court's findings of fact, but only whether those findings fall so outside the trial court's broad discretion as to be objectively "unreasonable ... in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). We conclude that they do not.

Indeed, the conclusion that the affidavit was unreliable finds considerable support in the record. Preliminarily, Bryan's own name is misspelled in the affidavit and one of the persons purportedly bribed is misidentified therein, circumstances that do not inspire confidence. Further, as the trial court noted, the two witnesses purportedly influenced by Bryan were subject to cross-examination and unequivocally denied being paid falsely to implicate Rodriguez. As the government observes, the unlikelihood of such payment is supported by the modest role these witnesses assigned Rodriguez in the events leading to the charged murder. Moreover, Bryan was not alleged to have attempted to influence the prosecution eyewitness who provided the most incriminating evidence against Rodriguez, and it would have been quite a remarkable coincidence for this witness to have mistakenly implicated the very person whom Bryan paid others falsely to put at the crime scene. Although defense witness Divina Loetterle claimed to have witnessed Bryan's overture to the prosecution witnesses, her account differed from Bryan's affidavit in so many respects that we must agree with the district court that "[r]ather than corroborate each other, Loetterle's testimony and [the proffered Bryan] affidavit cast doubt on the truthfulness of both." Civil Cause for Hearing,

*Rodriguez v. Artuz,* No. 97–CV–7399, at 13–14 (E.D.N.Y. Dec. 29, 2003). Of course, because Loetterle was available as a witness and subject to cross-examination, the trial court reasonably allowed her to testify so that the jury could evaluate for itself the reliability of her account in its assessment of the credibility of the two affected prosecution witnesses. But it acted well within its discretion in concluding that Loetterle's testimony did not provide sufficient independent indicia of the reliability of the Bryan affidavit to admit that statement under the penal-interest exception.[2]

In sum, because we conclude that the trial court did not abuse its discretion in concluding that the Bryan affidavit failed to satisfy the reliability criteria identified in *People v. Settles,* we further conclude that the state courts did not unreasonably apply established Supreme Court precedent precluding "arbitrary or disproportionate" restrictions on a criminal defendant's presentation of evidence, nor did they unreasonably determine the facts in light of the evidence presented to them. Accordingly, the January 5, 2004 judgment of the district court denying Rodriguez's § 2254 petition for a writ of habeas corpus is hereby AFFIRMED.

**2.** We agree with the district court's observation that the net result of these rulings was quite favorable to Rodriguez in that he was able to argue that certain prosecution witnesses should not be believed because they had been bribed by Bryan without opening the door to evidence of defendants' own attempts to coerce Bryan or other witnesses. *See* Civil Cause for Hearing, *Rodriguez v. Artuz,* No. 97–CV–7399, at 14–15 (E.D.N.Y. Dec. 29, 2003).