11-610-cr (L)
United States v. Peters

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand thirteen.

PRESENT:
ROBERT D. SACK,
GERARD E. LYNCH,

*Circuit Judges*.[1]

------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

- v -

FRANK E. PETERS,

*Defendant-Appellant*.

Nos. 11-610-cr (Lead)
11-612-cr (Con)

------------------------------------

------------------------------------

[1] Judge Guido Calabresi, originally assigned to the panel, recused himself from this case shortly before oral argument. The two remaining members of the panel, who are in agreement, have determined the matter in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

Appearing for Appellant:             JAMES W. GRABLE, Jr., Connors & Vilardo, LLP, Buffalo, NY, *for Defendant-Appellant*.

Appearing for Appellee:             JOSEPH J. KARASZEWSKI (Richard D. Kaufman, and Gretchen L. Wylegala, on the brief), Assistant United States Attorneys for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY, *for Appellee.*

Appeal from a judgment of conviction and sentence entered on February 16, 2011, in the United States District Court for the Western District of New York (William M. Skretny, *Judge*). UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of conviction and sentence, except insofar as it awarded forfeiture, be and it hereby is AFFIRMED. Insofar as the judgment awarded forfeiture, we affirm separately by precedential opinion filed today. *See United States v. Peters*, --- F.3d ---, --- WL ---, --- U.S. App. LEXIS --- (2d Cir. [date] 2013).

The defendant, Frank E. Peters, was charged in an indictment handed down in the Western District of New York on various counts related to an alleged scheme to defraud Chase Manhattan Bank ("Chase") by overvaluing assets used to secure and maintain a revolving line of credit with the bank. On

2

July 30, 2007, a jury convicted the defendant of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 371 and 2; one count of making a false statement to a bank in violation of 18 U.S.C. §§ 1014 and 2; one count of bank fraud in violation of 18 U.S.C. §§ 1344 and 2; two counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2; and one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2.[2]  On January 27, 2011, the district court sentenced Peters to 108 months' imprisonment and ordered him to pay $11,988,501.36 in restitution. The parties had agreed that the district court would resolve the forfeiture counts, which it did by entering a forfeiture judgment of $23,154,259.

We assume the parties' familiarity with the facts and record of prior proceedings, referencing them only as necessary to explain our decision to affirm. We note, however, that much of the factual background is set forth in our opinion with respect to the award of forfeiture referenced above.

This summary order addresses four assertions made by Peters on appeal: (1) the conspiracy count was duplicitous; (2) the evidence as to all counts

---

[2]  The jury acquitted the defendant of three counts of making a false statement to a bank and the district court dismissed one count of money laundering and three counts of bank fraud.

of conviction was insufficient; (3) cumulative evidentiary errors denied him a fair trial; and (4) the district court's calculation of the loss amount was incorrect.

*Duplicity*

The defendant asserts that the conspiracy count was impermissibly duplicitous because it alleged three separate conspiracies. In a pretrial order, a magistrate judge ruled that the conspiracy charge was not duplicitous. We review this decision *de novo*. *See United States v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009).

"An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of [Federal Rule of Criminal Procedure] 8(a)'s requirement that there be 'a separate count for each offense,' and 2) the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001) (citations omitted).

We have previously noted that "[a] conspiracy indictment presents unique issues in the duplicity analysis because a single agreement may encompass multiple illegal objects." *United States v. Aracri*, 968 F.2d 1512, 1518 (2d Cir. 1992) (internal quotation marks omitted). It is well established in this Circuit that "the allegation in a single count of a conspiracy to commit several

4

crimes is not duplicitous, for the conspiracy is the crime and that is one, however diverse its objects." *Id.* (internal quotation marks and brackets omitted). "[A]cts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *Id.* (citation and internal quotation marks omitted).

The defendant urges that the conspiracy count in fact alleged three different conspiracies: one between the defendant and a co-defendant, Gregory Samer, and two others between the defendant and another co-defendant, Mark Hoffman.[3] First, the defendant and Samer were alleged to have duped Chase into lending the defendant's companies money under a loan agreement through the practices of "holding the month open," "prebilling," and "rebilling"; second, Peters and Hoffman are alleged to have avoided paying down debt on the loan agreement through the creation of a spin-off company; and third, Peters and Hoffman are alleged to have lied in order to conceal from Chase that they had taken these actions.

---

[3] Samer pleaded guilty to the conspiracy count and agreed to cooperate with the government. Hoffman was acquitted of all counts.

The defendant's argument ignores the fact that he and his coconspirators were alleged to have engaged in an accounting scheme with the single goal of obtaining funds from a single bank by fraudulently circumventing a single loan agreement. Despite the fact that this scheme was realized through different mechanisms and involved acts by different parties at different times, the count is not duplicitous because "the essence of the crime charged in [the conspiracy count] is a single scheme to defraud [Chase Bank]." *Id.* at 1519.

Moreover, the jury instruction delivered by the district court, taken as a whole, amply advised the jury that it was required to find the single conspiracy charged, and that it must acquit the defendant if it instead found multiple conspiracies. And, as discussed below, the evidence was sufficient to permit the jury to infer that the defendant participated in a single conspiracy to defraud Chase Bank.

We therefore reject the defendant's argument that Count One of the indictment, the conspiracy count, was duplicitous.

*Sufficiency of the Evidence*

Peters next challenges the sufficiency of the evidence supporting each of the counts of conviction. "A defendant challenging the sufficiency of the

6

evidence bears a heavy burden, because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011). Only if "no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt" may a conviction be overturned. *United States v. Gagliardi*, 506 F.3d 140, 149-50 (2d Cir. 2007) (internal quotation marks omitted).

The defendant attacks the convictions on Count One (conspiracy), Count Five (making a false statement to a bank), and Count Six (bank fraud) on the grounds that: (1) Chase was aware of the alleged fraudulent practices so that any inflated borrowing base certifications or falsified invoices could not have constituted false statements, and (2) the defendant was in fact the victim of Samer's fraud and there is no evidence linking him to any false statement. A review of the record reveals that there was sufficient evidence admitted at trial from which a reasonable jury could find that Chase did not acquiesce in the sort of widespread accounting abuses in which the defendant was found to have engaged. There was also ample evidence that the defendant was personally

7

involved in the fraudulent practices. We therefore reject his arguments to the contrary.

The defendant also attacks the convictions on Count Seven (wire fraud), Count Eight (wire fraud), and Count Nine (mail fraud) on the ground that the government did not present sufficient evidence either establishing that a fraud had taken place or linking him to the transmission of documents intended to divert money from Chase. After carefully reviewing the record, and taking the evidence in the light most favorable to the government, we again conclude that a reasonable jury could find from the evidence admitted at trial that the defendant caused the transmission of the communications and did so with the intent to divert funds that properly belonged to Chase.

*Evidentiary Rulings*

The defendant asserts that he was denied a fair trial because the district court (1) improperly excluded evidence, interfering with his right to present a defense, and (2) allowed evidence and arguments that prejudiced the defense. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001). "We will find an abuse of discretion only where the trial judge ruled in an arbitrary and irrational fashion."

*United States v. Kelley*, 551 F.3d 171, 175 (2d Cir. 2009) (per curiam) (internal quotation marks omitted).

The Constitution guarantees a criminal defendant the right to present a defense. *United States v. Almonte*, 956 F.2d 27, 30 (2d Cir. 1992) (per curiam). "The right to present a defense, however, does not give criminal defendants carte blanche to circumvent the rules of evidence. Restrictions on a defendant's presentation of evidence are constitutional if they serve legitimate interests in the criminal trial process." *Id.* (internal quotation marks omitted).

At trial, the defendant sought to prove that the scheme to defraud was broader in scope than the government had alleged and that he was in fact a victim of the fraud. The defendant argues that the district court restricted his ability to introduce evidence that he supported the adoption of a new inventory system to improve his companies' accounting standards. But, as the government points out, the district court permitted most of this evidence, and merely excluded testimony as to Samer's views of the inventory system. The district court did not abuse its discretion by excluding this testimony on hearsay grounds.

The defendant also contends that the district court improperly excluded testimony tending to establish that Samer and Richard Massaro, an employee of the defendant's companies, continued similar fraudulent practices after the dates of the alleged conspiracy. We conclude that the district court did not abuse its discretion.

First, the district court did in fact permit cross-examination of both Samer and Massaro regarding their post-2000 fraud. Second, the probative value of any additional evidence regarding their continuing fraud was low. Samer and Massaro both admitted that they were involved in the pre-2000 fraudulent activity, and their continuing criminal conduct does not establish that the defendant did not also engage in the fraud. Third, the proposed evidence had the potential to violate the strictures of Federal Rule of Evidence 608(b), which provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."

The defendant also objects to the district court's decision to exclude on hearsay grounds certain of his out-of-court statements. He argues that the excluded statements were not hearsay because they were not assertions, but

10

rather commands or questions that went to the defendant's state of mind, specifically his lack of fraudulent intent.

We need not rule out the possibility that the defendant was correct in his contention that several of the proffered statements were not hearsay because they were not "assertions" offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(a)-©. "[E]ven where we conclude that an evidentiary ruling was manifestly erroneous, we will nonetheless affirm if the error was harmless – that is, if we can conclude that the error did not affect substantial rights." *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010) (internal quotation marks omitted). Insofar as there was any error in the district court's exclusion of this evidence on hearsay grounds, we conclude that it did not affect the defendant's substantial rights, i.e., it did not "affect[] the outcome of the case." Id. at 690 (internal quotation marks omitted). There was ample evidence of the defendant's fraudulent intent, including witness testimony refuting the defendant's claim that he ever made some of the proffered statements, and we have no basis upon which to conclude that introduction of this evidence would have altered the outcome of the trial.

11

The defendant also objects to the district court's refusal to admit the reports of outside auditors from Ernst & Young. There is no dispute, however, that defense counsel questioned the defendant extensively on the fact that he hired Ernst & Young, that Ernst & Young filed a report, and that he relied upon Ernst & Young's report to form the belief that the companies' books contained no irregularities. In light of this, the district court concluded that the admission of the reports themselves would be cumulative, and that because the reports involved opinion testimony and hearsay, they were likely to generate a mini-trial as to the basis for the opinions. As a result, the district court excluded the reports under Federal Rule of Evidence 403, concluding that their probative value was substantially outweighed by the risk of confusion. We conclude that the district court did not abuse its discretion by deciding the issue as it did.

The defendant next argues that the district court improperly admitted evidence and allowed arguments by the prosecution that were unfairly prejudicial to him, and that he is therefore entitled to a new trial. The defendant first objects to the evidence of his wealth. The record shows, however, that the district court appropriately limited the prosecution's references to the defendant's lifestyle, and that some evidence of the defendant's wealth was relevant to the

12

question of motive. *See United States v. Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006). Evidence of the defendant's wealth and business savvy was also relevant to refuting the defense's characterization of him as an honest businessman who was duped by a simple accounting scheme. *See* Trial Transcript 57:9-11 (emphasizing that the defendant and his wife "entrusted their investment to people from Buffalo who[m] they thought they could trust").

Finally, the defendant contests certain statements made by the prosecutors during summation and rebuttal. The defendant has a "heavy burden," because he must show "not simply that a particular summation comment was improper, but that the comment, viewed against the entire argument to the jury, and in the context of the entire trial, was so severe and significant" that "the resulting conviction was a denial of due process." *United States v. Williams*, 690 F.3d 70, 74-75 (2d Cir. 2012) (internal quotation marks and brackets omitted). Immediately following each of these contested statements, the district court gave the jury a curative instruction, which, we conclude, were each sufficient to ensure that the statements did not, "in the context of the entire trial," constitute the sort of substantial prejudice requiring reversal. *Id.* at 75.

*Loss Amount Calculation*

The defendant's final challenge on appeal is to the district court's determination of loss amount at sentencing. Our review of the district court's factual determinations in calculating loss amount is for clear error, and its application of the sentencing guidelines in this regard is reviewed *de novo*. *United States v. Canova*, 412 F.3d 331, 351 (2d Cir. 2005).

The defendant argues that the prosecution is estopped from asserting a loss amount greater than the $1.275 million listed in Samer's plea agreement. The district court correctly rejected this argument, explaining that the evidence established that the loss from the defendant's criminal conduct far exceeded $1,275,000. The district court also reasonably concluded that Samer's lesser role in the scheme justified a lesser loss amount. We see no error, clear or otherwise, in this conclusion.

The defendant also asserts that the district court failed to exclude losses not attributable to the fraud. The defendant seems to argue that the court must isolate the losses Chase suffered as a result of the fraud from the losses it suffered as a result of the defendant's poor business decisions. The cases cited by the defendant for this proposition are inapposite, and we find the argument

14

meritless. Whatever the defendant chose to do with the loan proceeds, the loan was obtained as a result of fraud, and it was the fraud that caused Chase's losses.

***

For the foregoing reasons, the judgment of the District Court, except insofar as it awarded forfeiture, an issue we deal with separately, is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK