17-427-cr
United States v. Ballard

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
              *Circuit Judges*,
          LAWRENCE J. VILARDO,
              *District Judge*.[*]

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
          *Appellee*,


          v.                          No.   17-427-cr

ANTONIO T. BALLARD, AKA TONE,
          *Defendant-Appellant*.
-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, Vermont.

---

[*] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

APPEARING FOR APPELLEE: STEVEN D. CLYMER, Assistant United States Attorney (Miroslav Lovric, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 2, 2017, is VACATED and the case is REMANDED for a new trial.

Defendant Antonio T. Ballard stands convicted, following trial, of six counts of sex trafficking of minors, *see* 18 U.S.C. § 1591(a)(1), (2); and two counts of coercion and enticement to engage in interstate travel for illegal sexual activity, *see* 18 U.S.C. § 2422(b).[1]  Presently serving a below-Guidelines 210-month sentence, Ballard appeals his conviction, arguing that the district court erred in (1) denying him a new trial based on prosecutorial misconduct in summation, *see* Fed. R. Civ. P. 33; (2) denying Ballard a trial continuance; and (3) failing to charge the jury as to the government's burden to prove the victims' ages on the § 1591(a) counts.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand based on summation error.

---

[1]  Ballard was acquitted on a third count of coercion and enticement, which is not a subject of this appeal.

1.    Summation Challenge

Ballard's summation challenge rests on several statements in the government's main summation, to which he did not object at trial; and two statements in the government's rebuttal summation, to which he did object.

To secure a new trial based on these statements, Ballard had to show improprieties "so severe and significant" as to deny a "fair trial." *United States v. Coplan*, 703 F.3d 46, 86 (2d Cir. 2012) (internal quotation marks omitted).  Such cases are "rare," *United States v. Caracappa*, 614 F.3d 30, 41 (2d Cir. 2010), and arise only when the improper comments so infect the trial as a whole as to result in a conviction violative of due process, *see United States v. Truman*, 688 F.3d 129, 144 (2d Cir. 2012); *United States v. Ferguson*, 676 F.3d 260, 283 (2d Cir. 2011) (stating that improper comments do not deny due process "unless they constitute egregious misconduct" (internal quotation marks omitted)).   "We review for abuse of discretion a district court's denial of a Rule 33 motion alleging prosecutorial misconduct," mindful of the district court's particular advantage in observing both the conduct at issue and its effect on the jury.  *United States v. Banki*, 685 F.3d 99, 119–20 (2d Cir. 2012).

In evaluating whether Ballard has demonstrated abuse of discretion in the denial of his Rule 33 motion, we consider (1) the severity of the alleged prosecutorial misconduct, (2) the measures adopted by the district court to cure it, and (3) the certainty of conviction absent the misconduct.  *See United States v. Coplan*, 703 F.3d at 86.   When a defendant did not object to challenged remarks, we review for plain error, and we will reverse the denial of a new trial "only where the remarks amounted to a 'flagrant abuse.'"

3

*United States v. Coriaty*, 300 F.3d 244, 255 (2d Cir. 2002) (quoting *United States v. Germosen*, 139 F.3d 120, 128 (2d Cir. 1998)).

Applying these principles here, we conclude that the unobjected-to prosecutorial comments were not improper so as to mandate a new trial. The prosecution's repeated characterization of Ballard's treatment of the minor victims as "pieces of meat" and of Ballard himself as a "dead beat," App'x at 475–77, is strong rhetoric, but no more so than other comments we have held not improper, *see, e.g.*, *United States v. Newton*, 369 F.3d 659, 681 (2d Cir. 2004) (holding that summation comments implying defendant was a "predator" were not so improper as to warrant reversal); *United States v. Simmons*, 923 F.2d 934, 955 (2d Cir. 1991) (determining, in heroin distribution case, that prosecutor's references to "swollen arms" and "collapsed veins of junkies" were "blunt and to the point" but "not . . . improper"). As this court has long recognized, summations are not a "detached exposition as would be appropriate in a lecture." *United States v. Wexler*, 79 F.2d 526, 530 (2d Cir. 1935). The same reasoning applies to the prosecutor's suggestion that Ballard's prostituting of minors for profit would be approved only by "Genghis Khan or some other Wall Street person," App'x at 481, and that a picture of Ballard would appropriately be included in the dictionary definition of "pimp," *id.* at 475.

As to unobjected-to comments about Ballard being a "real man," these were immediately followed by comments as to a "real person" and a "human being," *id.* at 477, which show that the prosecutor's point was to question not Ballard's masculinity, a matter irrelevant to the case, but his basic decency in prostituting minors, which did bear on his *mens rea*, *see United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011) (stating

4

that courts will not lightly infer that every summation comment is intended to carry its most dangerous meaning). Such "vigorous advocacy" is not improper. *United States v. Rivera*, 971 F.2d 876, 884 (2d Cir. 1992).

Finally, because Ballard attempted to discredit one of the victims, in part, by emphasizing her willingness, without Ballard's help, to prostitute herself and to recruit other minors for prostitution, the government did not act improperly in arguing that evidence of that victim's reformation showed her now to be a more mature and responsible person and, therefore, credible. *See United States v. Millar*, 79 F.3d 338, 343 (2d Cir. 1996) (holding prosecution comments that "were at least in part a legitimate rejoinder" to defense argument did "not constitute misconduct sufficient to warrant a new trial"); *see also United States v. Salameh*, 152 F.3d 88, 138 (2d Cir. 1998) (affording prosecution "broad latitude" as to reasonable inferences it could argue to jury). That conclusion is only reinforced by the fact that Ballard could—and did—argue opposing inferences based on the same evidence. *See United States v. Parkes*, 497 F.3d 220, 234 (2d Cir. 2007) (holding that inappropriate government statements did not warrant vacatur and observing that defense had adequate opportunity to dispute government's assertions in its own summation).

In sum, the unobjected-to statements are not so abusive—much less indicative of plain error—as to have required the district court to order a new trial. *See United States v. Carr*, 424 F.3d 213, 227 (2d Cir. 2005) (holding that where defendant "did not object at trial to the prosecutor's remarks that he now challenges," court must reject claim

"unless it, *inter alia*, seriously affects the fairness, integrity, or public reputation of judicial proceedings" (internal quotation marks omitted)).

We reach a different conclusion, however, as to the challenged rebuttal arguments to which Ballard objected at trial. The government now concedes that it was improper for it both to mischaracterize the defense theory as a government frame-up, *see* App'x at 525 (arguing that FBI and police "planted, concocted, did everything to frame" Ballard), and to insinuate that it had more evidence incriminating Ballard in the charged crimes that it had not been allowed to offer in evidence, *see id.* at 532. Both errors are serious, the first because it undermines a defendant's constitutional right to present a defense, *see United States v. Almonte*, 956 F.2d 27, 30 (2d Cir. 1992); the second because it appears to reduce the government's burden to prove guilt beyond a reasonable doubt at trial, *see Patterson v. New York*, 432 U.S. 197, 210 (1977). The district court responded to the first error by stating, in front of the jury, that the court "didn't hear" Ballard's counsel say that law enforcement officers had framed Ballard. App'x at 525. Such a rebuke in open court undoubtedly damaged the government's credibility with the jury, but it did not remove the suggestion that, to acquit Ballard, the jury had to find that law enforcement officers knowingly and deliberately framed Ballard. Indeed, it appears that the attorneys themselves did not so understand the district court's remark, because the prosecutor continued to mischaracterize the defense without further objection from Ballard.

In denying Rule 33 relief, the district court observed that the challenged prosecution remarks responded to the defense's implication "that the government, through [an investigator], permitted, and even encouraged [one victim] to feel protected

6

and immune from harm if she lied about Defendant's role," and thus the government's argument "that Defendant had attempted to pin his prosecution on government malfeasance" was not wholly unsupported by the record, as in some cases in which we have found error.   Supplemental App'x at 77.   To be sure, "the government is allowed to respond to an argument that impugns its integrity or the integrity of its case," *United States v. Carr*, 424 F.3d at 227, and we generally accord considerable deference to a district court's conclusion that the prosecution did not cross that line.   But here, the government itself concedes that its "framing" argument was not a fair response to the particular integrity challenge argued by the defense.   Indeed, the argument "came close to urging the jury to find the officers credible because of their official positions, an argument not permitted by the law."   *United States v. Newton*, 369 F.3d at 682 n.12. No curative instruction addressed this aspect of the error.

We need not decide whether prosecutorial mischaracterization of the defense would alone warrant retrial because here we consider that error together with the wrongful suggestion of incriminating evidence not put before the jury.   *Cf. United States v. Williams*, 690 F.3d 70, 76 (2d Cir. 2012) (faulting prosecutorial vouching because it "impl[ies] the existence of evidence not placed before the jury" (internal quotation marks omitted)).   In response to defense objection, the district court told the jury, somewhat equivocally,

> Well I'm not sure if it is [improper] or not.   It certainly is the law. There's an item of evidence that people are permitted to bring into this Court and get on the stand and ask questions and put that information out to the jury but there are rules to say there's some evidence you can't.   So you have to decide the case based on the proof you heard, not on something you

didn't hear or wasn't presented to you here in the courtroom. If you do that, you'll be okay.

App'x at 532–33. While this instructed the jury to base its verdict only on admitted evidence, it might nevertheless appear to reinforce the government's suggestion that there was still more evidence that the jury had not heard. In short, the instruction did not tell the jury that it should *not* assume the existence of such evidence. Nor did it instruct that a reasonable doubt could arise from a lack of evidence no matter what the reason for that lack. Thus, the government's improper argument risked minimizing its burden of proof. The concern is rendered all the more real here by the fact that the district court charged the jury generally before, rather than after, summations. Thus, not only did the defense have no opportunity to clarify its burden argument in response to the prosecution's improper rebuttal argument, but also, the jury did not have the benefit of further instruction from the district court as to the government's burden of proof. *Cf. Chalmers v. Mitchell*, 73 F.3d 1262, 1271 (2d Cir. 1996) (stating that when "proper instruction was nearly the last thing the jury was told before deliberating," it was "more likely that it is what they remembered").

Of course, even "substantially improper remark[s]" may not warrant vacatur when a defendant's guilt is established by "overwhelming evidence" of the relevant crime. *United States v. Rivera*, 971 F.2d at 885. That, however, is not this case. The government principally relied on the testimony of the three alleged victims, whose credibility was disputed, and whose testimony, as the government acknowledged, presented occasional irreconcilable differences on material matters. Although the

8

government argues that in a recorded call with one victim, "Ballard tacitly conceded his involvement with" the other two victims, Appellee's Br. 41, the transcript of the call is at best ambiguous. Moreover, in the call, the victim evinced knowledge of important events that had allegedly taken place while she was institutionalized, and, at trial, she was unable to explain how she possessed such knowledge. On this record, we cannot conclude that Ballard's conviction was certain even absent the prosecution's admitted misconduct in its rebuttal summation. Rather, this is one of the "rare" cases in which a defendant has demonstrated that prosecution error resulted in a conviction violative of due process, compelling vacatur and a new trial.

2.     <u>Continuance and Jury Instructions</u>

Our decision to vacate and remand because of the prosecutorial misconduct makes it unnecessary to consider whether the denial of a trial continuance also warrants such relief. In any event, we conclude that the district court did not abuse its discretion in denying Ballard's motion for a continuance. *See United States v. Griffiths*, 750 F.3d 237, 242 (2d Cir. 2014). As for the charge challenge, we expect that on retrial the district court will charge the jury as to the victim age element of the § 1591(a) counts.

We have considered Ballard's remaining arguments and conclude that they are without merit. The judgment of the district court is thus VACATED and the case is REMANDED to the district court for a new trial consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9