NO. 07-07-0358-CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â NO. 07-07-0359-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008

______________________________


KENNETH GLEN WEBB, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee


_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,617-B and NO. 18,618-B; HON. JOHN BOARD, PRESIDING

_______________________________

Abatement and Remand

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Kenneth Glenn Webb (appellant) filed notices of appeal from his convictions of
burglary of a habitation and assault on a public servant on August 23, 2007. However, the
trial court did not file its certifications representing that appellant has the right of appeal
until November 10, 2007.


 The appellate record reflects that appellant failed to sign the
certifications pursuant to Texas Rule of Appellate Procedure 25.2(d) which requires the
certifications to be signed by appellant and a copy served on him.


 
Â Â Â Â Â Â Â Â Â Â Consequently, we abate the appeals and remand the causes to the 181st District
Court of Randall County (trial court) for further proceedings. Upon remand, the trial court
shall take such action necessary to secure and file with this court certificates of right to
appeal that comply with Texas Rule of Appellate Procedure 25.2(d) by March 28, 2008. 
Should additional time be needed to perform these tasks, the trial court may request the
same on or before March 28, 2008. 
Â Â Â Â Â Â Â Â Â Â It is so ordered. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Do not publish. 



dException Locked="false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-08-00205-CR; 07-08-00206-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 

 MARCH 22, 2010



Â 



Â 

LYNN TAYLOR, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

Â FROM THE 320TH DISTRICT COURT OF
POTTER COUNTY;

Â 

NO. 55,385-D, 55,386-D; HONORABLE DAVID GLEASON, JUDGE



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Â 

Appellant Lynn Taylor appeals his
convictions for possession of cocaine[1]
and unlawful possession of a firearm.[2]Â  Through two issues he challenges the legal
and factual sufficiency of evidence supporting the convictions and by a third
issue he contends the trial court denied his constitutional right to present a
defense.Â  We will affirm.

Background

On March 5, 2007, members of the
Amarillo police department SWAT team executed a Ano knock@ search warrant for crack cocaine at
a city residence.Â  According to the
warrant=s supporting affidavit, a
confidential informant told police that within forty-eight hours of March 5
appellant possessed crack cocaine at the residence and represented to the
informant that the substance was crack cocaine.Â 
When officers entered the residence, they found appellant=s adult daughter Amber Richardson on
a living room couch.Â  In the upstairs
bedroom, they located appellant in bed with Christa Morales.Â Â  

Downstairs, off the living room, was
what officers termed a bar area.Â  There,
in shelving above the bar officers found two baggies containing, respectively,
19.5 grams and 5.5 grams of a substance later identified as cocaine, and a
loaded .25 caliber handgun.Â  The shelves
contained three letters addressed to appellant at the residence.Â Â Â  From these envelopes, police obtained three
finger prints matching appellant and one unidentified print.Â  Another letter was addressed to Morales at
the residence.Â  A digital scale was found
in a bank bag in a drawer below the bar.Â 
A finger print lifted from the scale matched appellant.Â  A cabinet yielded a gun holster, a box of .45 caliber ammunition, and a box of .25 caliber
ammunition.Â  Among canned food items in a
kitchen cabinet, officers found 138 one-dollar bills.Â  In kitchen trash, officers found baggies with
the corners removed.Â  In the upstairs
bedroom occupied by appellant and Morales, officers found $1,500 cash in the
pocket of appellant=s pants.[3]Â  Appellant=s wallet contained his driver=s license, which listed the residence as his address.Â  Also in the bedroom was a glass crack pipe
that officers attributed to Morales.Â  It
contained residue.

Appellant was indicted for
possession, with intent to deliver, of cocaine in an amount four grams or more
but less than two hundred grams and unlawful possession of a firearm.[4]Â  The guilt-innocence phase of trial was by
jury.Â  Evidence revealed appellant was on
parole for a felony conviction at the time of the alleged unlawful possession
of a firearm.Â  A Texas Department of
Public Safety chemist testified to his opinion, based on testing, that the
substance in the two baggies was cocaine.Â 
A police officer explained that small amounts of crack cocaine are sold
in baggies with the corners removed to better conceal the drug.Â  Another officer explained that it is not
unusual to find large amounts of cash associated with illegal drug sales.Â  In his opinion, the sale of illegal drugs is
a Acash and carry business.@Â 
According to the officer, narcotics are typically sold in amounts
purchased with ten and twenty dollar bills.Â 
There was also testimony from an officer that dealers of crack cocaine
use digital scales to weigh narcotics.Â 
And plastic bags configured in this manner as those found in the kitchen
trash are used in the sale of small amounts of narcotics.Â  According to other testimony, Richardson had
children and children=s clothing and toys were located in
the residence, she was a Aresident@ of the residence, and mail bearing
her name had been delivered to the residence.Â 
There was testimony that the residence was owned jointly by appellant
and his siblings.

The jury convicted appellant of the
lesser-included narcotics offense of possession of cocaine in the amount
alleged by the indictment and the firearm violation.Â  The sentencing range was enhanced by
appellant=s prior felony convictions and a
deadly weapon finding.Â  The court sentenced
appellant to prison terms of twenty-five years on the narcotics violation and
twelve years on the firearm violation.Â 
This appeal followed.

Discussion

In his first and second issues,
appellant contends the evidence was legally or factually insufficient to
sustain his conviction for possession of a controlled substance and unlawful
possession of a firearm because of insufficient links connecting him with the
items of contraband. 

When conducting a
legal sufficiency review, we view the evidence in the light most favorable to
the verdict to determine whether a rational fact-finder could have found each
element of the offense beyond a reasonable doubt.Â  Swearingen v. State, 101 S.W.3d 89, 95
(Tex.Crim.App. 2003); Conner v. State, 67
S.W.3d 192, 197 (Tex.Crim.App. 2001) (citing
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979)).Â  The trier of fact
is the sole judge of the weight and credibility of the evidence.Â  See Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), cert.
denied, 129 S.Ct. 2075, 173 L.Ed.2d 1139 (2009).Â  Accordingly, when performing a legal
sufficiency review, we are not free to re-evaluate the weight and credibility
of the evidence and substitute our judgment for that of the fact-finder.Â  Dewberry v. State, 4
S.W.3d 735, 740 (Tex.Crim.App. 1999).Â  Rather, we Adetermine whether
the necessary inferences are reasonable based upon the combined and cumulative
force of all the evidence when viewed in the light most favorable to the
verdict.@Â  Hooper v. State, 214
S.W.3d 9, 16-17 (Tex.Crim.App. 2007).Â  If, based on all the evidence, a
reasonably-minded jury must necessarily entertain a reasonable doubt of the
defendantÂs guilt, due process requires that we reverse and order a judgment of
acquittal.Â  Swearingen, 101 S.W.3d
at 95 (citing Narvaiz v. State, 840 S.W.2d
415, 423 (Tex.Crim.App. 1992)).

A factual
sufficiency review of the evidence is Abarely
distinguishable@ from the legal sufficiency review under Jackson
v. Virginia.Â  Marshall
v. State, 210 S.W.3d 618, 625 (Tex.Crim.App.
2006).Â  A factual sufficiency
review considers whether the evidence supporting guilt, though legally
sufficient, is so weak that the jury=s verdict seems
clearly wrong and manifestly unjust, or evidence contrary to the verdict is
such that the jury=s verdict is against the great weight and
preponderance of the evidence.Â  Id.; Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1,
11 (Tex.Crim.App. 2000).Â  

The gravamen of
appellant=s challenge is the sufficiency of evidence
proving his possession of the crack cocaine and a firearm.Â  APossession means
actual care, custody, control, or management.@Â  Tex. Penal Code Ann. ' 1.07(a)(39) (Vernon Supp. 2009).Â 
A person commits a possessory offense only if he voluntarily possesses
the prohibited item.Â  See id. ' 6.01(a) (Vernon 2003).Â 
APossession is a
voluntary act if the possessor knowingly obtains or receives the thing
possessed or is aware of his control of the thing for a sufficient time to
permit him to terminate his control.@Â  Id. ' 6.01(b). 

To prove unlawful
possession of a controlled substance, the State must prove the accused exercised
actual care, custody, control, or management over the contraband and he knew
the matter possessed was contraband.Â  Tex. Health & Safety Code Ann. '
481.002(38) (Vernon Supp. 2009) and '
481.115(a) (Vernon 2003).Â  Evans v. State, 202 S.W.3d 158, 162 (Tex.Crim.App.
2006); Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App.
2005).Â  To establish unlawful
possession of a firearm by a felon, the State must prove the accused was
previously convicted of a felony offense and possessed a firearm after the
conviction and before the fifth anniversary of his release from confinement or
from supervision, whichever date is later.Â 
Tex. Penal Code Ann. ' 46.04(a)(1) (Vernon Supp. 2009).Â 
We analyze the sufficiency of the evidence proving unlawful possession
of a firearm according to the same standards applied in cases of unlawful
possession of a controlled substance.Â  Bates v. State, 155 S.W.3d 212, 216 (Tex.App.BDallas
2004, no pet.). 

It is not
necessary for the State to prove the accused maintained exclusive possession of
the contraband; rather, joint possession is sufficient to sustain a
conviction.Â  Cude v. State, 716
S.W.2d 46, 47 (Tex.Crim.App. 1986).Â  If the accused did not maintain exclusive
control of the location of the contraband, however, the State must offer
additional, independent facts linking the accused to the contraband.Â  Poindexter, 153
S.W.3d at 406; Evans, 202 S.W.3d at 162.Â  Thus, the defendantÂs presence or proximity
to contraband, if combined with other evidence, may be sufficient to establish
his actual care, custody or control.Â  Id.Â  While not a litmus test, some of the factors
linking an accused to contraband that courts have found may circumstantially
show possession of contraband include: (1) the defendant=s presence when a
search is conducted; (2) whether the contraband was in plain view; (3) the
defendant=s proximity to and the accessibility of
the contraband; (4) whether the defendant was under the influence of narcotics
when arrested; (5) whether the defendant possessed other contraband or
narcotics when arrested; (6) whether the defendant made incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8) whether
the defendant made furtive gestures; (9) whether there was an odor of
contraband; (10) whether other contraband or drug paraphernalia were present;
(11) whether the defendant owned or had the right to possess the place where
the contraband was found; (12) whether the place where the contraband was found
was enclosed; (13) whether the defendant was found with a large amount of cash;
and (14) whether the conduct of the defendant indicated a consciousness of
guilt.Â  Id. at
162 n.12.Â  Our analysis focuses not on the number of
links shown but from the Alogical force@ of all the
evidence, direct and circumstantial.Â  Id. at 161-62. 

Evidence showed the residence was owned jointly by
appellant and his siblings.Â  But
appellant had lived there some six months at the time officers executed the
search warrant.Â  His pants pocket
contained a large amount of cash in denominations common to drug
transactions.Â  Appellant was directly
tied to possession of cocaine by the evidence that, according to a confidential
informant, appellant possessed crack cocaine at the residence and told the
informant the substance was crack cocaine.[5]Â  The jury could also have linked appellant to
the cocaine and firearm through evidence of mail addressed to him at the
residence and bearing his fingerprint, found in a shelf above the bar where the
firearm and drugs were found, and the digital scale, also bearing appellantÂs
fingerprint.

When viewed in the light most
favorable to the prosecution we find a rational trier
of fact could have found the essential elements of possession of a controlled
substance and unlawful possession of a firearm beyond a reasonable doubt.Â  

Throughout trial appellant emphasized
the presence of his adult daughter Richardson.Â 
As noted, she had children and the residence contained children=s toys and clothing.Â  Relatives of appellant testified that
Richardson resided and received mail at that address.Â  Despite the efforts of a court-approved
investigator for appellant, Richardson could not be located by the time of
trial.Â  As also noted, there was evidence
that a crack pipe, found in the bedroom occupied by appellant and Morales,
belonged to Morales.Â  

While this evidence may point to
occupancy of the residence by others, it does not dilute the force of evidence
linking appellant to the contraband.Â 
Viewing all the evidence in a neutral light we find the evidence
supporting conviction is not so weak that the determination of the fact-finder
is clearly wrong or unjust.Â  The evidence
was factually sufficient to support conviction.Â 
We overrule appellant=s first and second issues.

By his third issue, appellant
contends the trial court erred by excluding his proffered evidence attempting
to tie Richardson more closely to the contraband.Â  He contends the courtÂs evidentiary ruling
denied him his constitutional right to present to the jury a defense asserting
RichardsonÂs guilt.

For purposes of our disposition of
his third issue, although appellant did not articulate his constitutional
theory to the trial court with any specificity, we will assume the trial court
was sufficiently aware of his contention to preserve it for our review.[6]Â  

We review a trial
court=s decision to
admit or exclude evidence under an abuse of discretion standard.Â  Cameron v. State, 241
S.W.3d 15, 19 (Tex.Crim.App. 2007).Â  A trial court abuses its discretion when its
decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.Â  McDonald v. State, 179 S.W.3d 571, 576 (Tex.Crim.App.
2005).Â Â  

Outside the presence of the jury, the
trial court heard testimony from two Amarillo police officers, neither of whom
was involved in the March 2007 possession arrest for which appellant was being
tried.Â  Their testimony concerned events
that occurred in January 2007.Â  One
officer testified he investigated a police report of an aggravated assault that
allegedly occurred in the parking lot of a convenience store on Amarillo
Boulevard.Â  The report, dated January 2,
2007, told of a fight involving several people.Â 
According to the report, the officer who authored it Awas told@ that someone named AAmber Richards@ or AAmber Richardson@ had a .25 caliber handgun, may have fired it, and put it in
a trash dumpster in front of the store.Â 
Although a .25 caliber handgun was recovered from the dumpster, the
officer was not able to determine if the gun was fired during the fight.Â  He said police found no shell casings at the
scene.Â  The second officer testified that
he recovered the handgun from the dumpster.Â 
He explained that a surveillance video recording from the store showed
someone disposing of the weapon, but he was not aware of the identity of this
person.Â  Police did not open a case on
the incident as none of the alleged complainants wished to pursue the matter.Â  In support of presenting this testimony
before the jury, appellant argued it would show an AM.O.@ for Richardson, that a .25 caliber gun was her Agun of choice,@ and that she planted the gun and
drugs in the residence in exchange for police dropping any charge against her
from the January 2 incident. Â The trial
court ruled the proffered evidence was not relevant, and did not allow the jury
to hear the officersÂ testimony.

[T]here are two distinct scenarios in which rulings excluding evidence
might rise to the level of a constitutional violation: 1) a state evidentiary
rule which categorically and arbitrarily prohibits the defendant from offering
otherwise relevant, reliable evidence which is vital to his defense; and 2) a
trial courtÂs clearly erroneous ruling excluding otherwise relevant, reliable
evidence which Âforms such a vital portion of the case that exclusion
effectively precludes the defendant from presenting a defense.ÂÂ  In the first category, the constitutional
infirmity is in the arbitrary rule of evidence itself.Â  In the second category, the rule itself is
appropriate, but the trial court erroneously applies the rule to exclude
admissible evidence to such an extent that it effectively prevents the
defendant from presenting his defensive theory.Â 
In other words, the erroneous ruling goes to the heart of the defense.

Â 

Wiley v. State, 74 S.W.3d 399, 405 (Tex.Crim.App. 2002) (footnotes omitted).

As we understand
appellantÂs argument, he does not challenge a Texas evidentiary rule but argues
the courtÂs ruling fits the second scenario described in Wiley because it excluded his proffer of otherwise relevant,
reliable evidence forming such a vital part of his defensive theory that he
effectively was precluded from presenting a defense. 

Relevant evidence
is Aevidence having
any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.@Â  Tex. R. Evid. 401.Â  AEvidence which is
not relevant is inadmissible.@Â  Tex. R. Evid.
402.Â  Evidence is relevant if it is
material and probative.Â  Steven Goode,
Olin Guy Wellborn, III, and M. Michael Sharlot, 1
Texas Practice: Guide to the Texas Rules of Evidence ' 401.1 (3d ed.
2002).Â  To be material, the evidence Amust be shown to
be addressed to the proof of a material proposition, i.e., any fact that is of
consequence to the determination of the action.@Â  Id. (internal quotation marks
omitted).Â  Evidence is considered
probative if it Atends to make the existence of the fact
more or less probable than it would be without the evidence.@Â  Id. (internal quotation marks
omitted).

The Sixth and
Fourteenth Amendments to the United States Constitution guarantee an accused a
meaningful opportunity to present a complete defense.Â  Crane v. Kentucky, 476
U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636
(1986).Â  It is equally clear,
however, that the exercise of that opportunity does not preclude a trial court
from excluding testimony that presents irrelevant or unreliable evidence.Â  See
Crane, 476 U.S. at 689-90 (Constitution gives trial judges Âwide latitudeÂ
to exclude evidence that is only marginally relevant or poses undue risk of
confusion of the issues); Wiley, 74
S.W.3d at 407-08 (no constitutional violation from exclusion of proffered
testimony under Rule of Evidence 403).Â  Accord, Montana v. Egelhoff,
518 U.S. 37, 42, 116
S.Ct. 2013, 2017, 135 L.Ed.2d 361 (1996) (quoting
Taylor v. Illinois, 484 U.S. 400, 410, 108 S.Ct.
646, 653, 98 L.Ed.2d 798 (1988)) (Âaccused does not have an unfettered right to offer [evidence]
that is . . . inadmissible under standard rules of evidence@); United States v. Almonte, 956 F.2d 27, 30 (2d Cir. 1992) (constitutional
right to present a defense Adoes not give criminal defendants
carte blanche to circumvent the rules of evidence@). 

Without abusing
its discretion, the trial court here could have regarded the layers of hearsay
included in appellantÂs proffered testimony made it unreliable as proof
appellantÂs daughter was the person who put the .25 caliber handgun in the
dumpster in January 2007.Â  See Stevens v. State, No. 01-07-00111-CR, 2008 Tex. App. Lexis
5237, at *15-16 (Tex.App.--Houston 1st Dist. July 10,
2008, no pet.) (mem. op.) (not designated for publication) (hearsay evidence is unreliable because cross-examination is
not available to test the veracity of the declarant).Â  Also without abusing its discretion the court
could have determined the facts purportedly shown by the evidence, that is,
that Richardson possessed and disposed of such a handgun in January 2007, were
not probative of any fact of consequence to the determination of appellantÂs
guilt.Â  Further, the trial court could
have determined that any relevance the evidence possessed was substantially
outweighed by the danger of confusion of the issues involved in appellantÂs
prosecution.Â  See Tex. R. Evid. 403; Wiley, 74 S.W.3d at 407-08 (Rule 403
supported exclusion of evidence of alternative perpetrator).Â  Such a conclusion by the trial court would
have been supported by appellantÂs assertion the evidence showed a likelihood
that police did not charge Richardson for her possession of the gun because she
agreed to plant the drugs found in March on appellant.Â  Such speculation would not have aided the
juryÂs determination of the issues properly before it in this case.Â  For all these reasons, we see no violation of
appellantÂs constitutional right to present a defense from the trial courtÂs
exclusion of appellantÂs proffered testimony.Â 
See Wiley, 74 S.W.3d at 405
(violation may occur from erroneous exclusion of Âotherwise relevant, reliable
evidenceÂ).Â  We overrule appellant=s third issue.

Conclusion

Having overruled
appellant=s three issues, we affirm the judgment of
the trial court.

Â 

James T.
Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â Â Â Â Â Â Â Â Â Â Â  








Do
not publish.Â  











[1]Â  Tex. Health & Safety Code Ann. ' 481.115(a),(d) (Vernon 2003).





[2]Â 
Tex.
Penal Code Ann. ' 46.04(a)(1)
(Vernon Supp. 2009).





[3]Â  Photos show appellantÂs pants lying folded on the floor next to the bed.
The cash consisted of seven $100 bills, one $50 bill, thirty-three $20 bills,
seven $10 bills, one $5 bill, and fifteen $1 bills.Â  





[4]Â 
Appellant refused court-appointed legal representation and appeared pro
se in the trial court proceedings. No appellate issue is raised with regard to his self-representation at
trial. Â Â 





[5]Â  This hearsay statement was admitted without objection.Â  See Poindexter, 153 S.W.3d at 406 (Aonce the trier of fact has weighed the probative value of unobjected-to hearsay evidence in its factfinding
process, an appellate court cannot deny that evidence probative value or ignore
it in its review of the sufficiency of the evidence@). 





[6] Proper preservation of error
requires a party make a timely and specific objection as soon as the basis for
the objection becomes apparent, and the complaint on appeal must not vary from
the trial court objection.Â  See Tex. R. Evid.
103(a)(1); Tex. R. App. P. 33.1(a)(1)(A); Heidelberg v. State, 144 S.W.3d 535, 536
(Tex.Crim.App. 2004).Â 
Even claims of constitutional error may be waived if not properly
brought to the attention of the trial court. See Wright v. State, 28 S.W.3d 526, 536 (Tex.Crim.App.
2000) (waiver of objection under Confrontation Clause).